IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**MICHAEL ALAMO, ET AL.,**

    **Plaintiffs,**

v.                                                                                         No. 13-211C

**THE UNITED STATES,**                                          (Judge Bush)

    **Defendant.**

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER

The Plaintiffs, by and through their undersigned counsel, hereby file this Response in Opposition to Defendant's Motion to Transfer. Plaintiffs further highlight two recent decisions in this Court denying identical Motions.  In support thereof, Plaintiffs state as follows:

Background

On March 25, 2013, Plaintiffs filed the above captioned Complaint. The Complaint was filed on behalf of twenty-nine (29) current and former employees of the United States Medical Department of Activity, Department of Emergency Medicine, Fort Stewart, Liberty, Georgia. The Plaintiffs are or were employed as Emergency Medical Technicians ("EMT") or Paramedics and the Complaint alleged violations of both the Fair Labor Standards Act ("FLSA") and Federal Employees Pay Act ("FEPA").

On August 9, 2013, the Defendant filed a Motion to Transfer this Complaint to the United States District Court for the Southern District of Georgia, Savannah Division alleging that this Court does not possess subject matter jurisdiction over the Plaintiffs' FLSA claims. The Defendant cedes that the court does possess jurisdiction over Plaintiff's FEPA claims.

Plaintiff filed a Motion to Stay Defendants Motion to Transfer on August 21, 2013, which has since been withdrawn. Plaintiffs now file this Response in Opposition.

## ARGUMENT AND ANALYSIS

### I.   The Defendant's Motion should be denied because the FLSA provides for jurisdiction in this Court as decided in two recent decisions by this Court.

In two recent decisions by this Court, identical Motions to Transfer have been denied. The first to be decided, *King v. United States*, No. 12-175C (Fed. Cl. Aug. 30, 2013), like the case herein, involved a Complaint covering multiple employees who alleged that their employing Agency failed to pay overtime compensation due to them under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (2012). On July 30, 2013, the Defendant in that matter filed a Motion to Transfer, based upon the decision in *United States v. Bormes*, 133 S. Ct. 12 (2012) ("*Bormes*"). In *Bormes*, the Supreme Court held that a plaintiff could not import the waiver of sovereign immunity found in the Little Tucker Act to pursue a Fair Credit Reporting Act ("FCRA") claim against the federal government. *Bormes*, 133 S. Ct. at 15. The Supreme Court held that "[w]here, as in FCRA, a statute contains its own self-executing remedial scheme, we look only to that statute to determine whether Congress intended to subject the United States to damages liability." *Id.* at 17. The Government in *King,* as did the Defendant herein, based its Motion to Transfer on the fact that the FLSA has a self-executing remedial scheme, and per 28 U.S.C. § 1631, that "whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ."

The *King* Plaintiffs opposed the Motion by arguing that the Supreme Court's holding in *Bormes* did not introduce a new jurisdictional bar to the FLSA claims in the Court of Federal

Claims ("COFC") because the sovereign immunity of the United States has already been waived per the FLSA, and the terms of the FLSA allow the case to be heard in the COFC. After considering the Agency's Motion and Plaintiffs' Response in Opposition, Judge Nancy Firestone denied the Government's Motion for several reasons discussed below.  Based on review of that Decision, and the reasoning addressed herein, the Agency's Motion should be denied because the COFC maintains jurisdiction over the Plaintiffs' FLSA claims.

The *King* Defendant and Defendant herein read *Bormes* to mandate that the COFC's jurisdiction under the Tucker Act is available only where the Tucker Act provides both the waiver of sovereign immunity and the jurisdictional grant in the COFC. According to the Defendants, a statute that provides its own waiver of sovereign immunity necessarily displaces the COFC from hearing claims against the federal government arising under that statute, regardless of the forum provided for in the statutory text. But the Defendants' reading of *Bormes* is overly broad.  As Judge Firestone noted, the "…government's reading of *Bormes* goes too far and improperly conflates the issue of sovereign immunity waiver with the issue of proper forum in every case involving a detailed remedial federal statute." *King* Order, p.5-6.  The issue decided in *Bormes* was that the Tucker Act could not replace FCRA's "detailed remedial scheme" to provide a waiver of sovereign immunity by the federal government. *Bormes,* 133 S. Ct. at 15. The *Bormes* Court determined that because Congress had created a comprehensive remedial scheme under FCRA, only the terms of FCRA itself could provide a waiver of sovereign immunity by the United States. *Id.* at 19.  Contrary to the Defendants' position, however, the Supreme Court did not then hold that any statute containing a "detailed remedial scheme" necessarily eliminates the COFC from hearing cases under that scheme; rather, the terms of the detailed remedial statute itself govern. Based on this analysis of *Bormes,* this Court

concluded that where a statute with a comprehensive remedial scheme provides for its own waiver of sovereign immunity independent of the Tucker Act, that statute can still provide for jurisdiction in the COFC through application of the Tucker Act, if Congress so intended under the terms of the statute. *King* Order, p.6. Thusly, *Bormes* did not eliminate the COFC's jurisdiction to hear cases arising under the FLSA. Whether the COFC is a forum with jurisdiction to hear a case where sovereign immunity has already been waived is a separate question that turns on whether the statute identifies a different forum or precludes the COFC as a proper forum for relief.

The proper analysis herein, therefore, turns on two issues: 1) whether the FLSA contains an express waiver of sovereign immunity, and if so, 2) whether the FLSA allows for claims to be heard in the COFC. With regard to the first issue, this Court already determined that the FLSA contains an express waiver of sovereign immunity per *El-Sheikh v. United States*, 177 F.3d 1321, 1323 (Fed. Cir. 1999), in which the Federal Circuit held that the 1974 amendments to the FLSA expanded the definition of "employee" and when read together with the private right of action found in 29 U.S.C. § 216(b), provided an explicit waiver of sovereign immunity authorizing federal employees to sue the United States as an employer. *El-Sheikh*, 177 F.3d at 1323-24. The FLSA, therefore, in stark contrast to the FCRA addressed in *Bormes*, unquestionably provided a waiver for sovereign immunity.

With regard to the second issue, this Court already determined that the FLSA does provide for jurisdiction in the COFC based on the broad statutory provision which does not vest any specific court with jurisdiction to hear FLSA cases. The reasoning is clear. The FLSA provides statutory jurisdiction in "***any*** Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b) (emphasis added). As such, a government employee may sue in the COFC,

which is plainly a federal court of "competent jurisdiction" to hear claims for monetary relief against the United States, especially as herein, where the individual FLSA claims exceed $10,000, in which case the COFC not only has jurisdiction over the claims but has exclusive jurisdiction per the Tucker Act.

In *King*, this Court noted that this holding, per the FLSA, is distinguishable from the one in *Foster v. United States*, where this Court applied *Bormes* to deny jurisdiction where the statute at issue therein provided for "original jurisdiction" in "[t]he district courts of the United States." *Foster,* 111 Fed. Cl. 658, 662-63 (2013). The Court held that the statutory provision there displaced this Court's Tucker Act jurisdiction. *Id.* But the holding here is different precisely because the FLSA does not specifically provide for jurisdiction in the district courts, or in any specific court. This Court also pointed out that this issue was examined in detail in *Brooks v. Weinberger*, 637 F. Supp. 22 (D.D.C. 1986), where the United States District Court for the District of Columbia, concluded that the FLSA, which does not expressly mention federal district court jurisdiction, must be read to allow for jurisdiction in the COFC by virtue of the Tucker Act. 637 F. Supp. at 24. Thus, the terms of the FLSA itself do not limit jurisdiction to the federal district courts or bar this Court's jurisdiction to hear FLSA claims against the federal government. Rather, the FLSA's broad forum provision provides for cases to be heard in any court of competent jurisdiction and the COFC has long been recognized by the Federal Circuit and other circuit courts of appeals as the exclusive "federal court" with jurisdiction to hear FLSA claims by federal employees in excess of $10,000 under the provisions of the Tucker Act. *Id*.; *Saraco v. United States*, 61 F.3d 863, 865-66 (Fed. Cir. 1995). As the *King* Court noted, the Federal Circuit's decision in *Saraco v. United States* is particularly instructive, where it was held that "the issue in this case is not whether governmental immunity from suit has been waived, for

it explicitly has been. The issue is only in which federal court the authorized suit may be brought." *Id*. at 865-66. In addressing the appropriate forum, the Federal Circuit Court affirmed its decision in *Zumerling v. Devine*, 769 F.2d at 749, which held that, "the FLSA contained the requisite waiver of sovereign immunity [for suits against the federal government]; but only the Tucker Act provided jurisdiction of suits to enforce that right." *Saraco*, 61 F.3d at 685. Under *Zumerling* and *Saraco*, the Federal Circuit and other circuit courts of appeals have continued to hold that the COFC is a court of "competent jurisdiction" for suits by federal employees under the FLSA, consistent with the Tucker Act's jurisdictional grant. *See El-Sheikh*, 177 F.3d at 1323; *Waters v. Rumsfeld*, 320 F.3d 265, 272 (D.C. Cir. 2003); *Parker v. King*, 935 F.2d 1174, 1177-78 (11th Cir. 1991). In this regard, the use of the Tucker Act as a basis for this court's jurisdiction to hear FLSA claims is not an impermissible "mix[ing] and match[ing]" of the provisions of the FLSA and the Tucker Act. *Bormes*, 133 S. Ct. at 19. Unlike in *Bormes*, the Tucker Act is not simply tacked onto the FLSA, regardless of the terms of the FLSA, to provide for jurisdiction in this court. Rather, the Tucker Act properly fills a "gap" created by the FLSA's own statutory text based on the broad grant of jurisdiction to any court of competent jurisdiction. *See Bormes*, 133 S. Ct. at 18. Because nothing in *Bormes* mandates a rejection of this long-settled precedent, this Court should find that it has jurisdiction over the plaintiffs' FLSA claims in this case.

In the second case decided by this Court, *Frost v. United States*, No. 13-50C, Judge Thomas Wheeler agreed with the recent decision in *King,* and ruled that *Bormes* does not prevent this Court from exercising jurisdiction over claims brought against the Government pursuant to the FLSA because the terms of the FLSA (1) contain a waiver of sovereign immunity independent of the Tucker Act and (2) provide for jurisdiction in this Court. King, slip op. at 6, 8. As noted in *Frost,* the facts of this case that bear on the determination of this Motion are

identical to those of *King*. As in *King*, Plaintiffs herein sought to invoke the jurisdiction of this Court over a claim against the Government for the payment of overtime compensation pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. (2012).  Here, as in *King*, the Government has argued that the jurisdiction of this Court over such a claim is precluded by *Bormes*.  As this Court did in *King* and *Frost*, and based on the arguments and analysis addressed above, the Defendant's Motion must be denied.

## CONCLUSION

Based upon the foregoing reasons, Plaintiffs respectfully request that the Defendant's Motion to Transfer be denied.  The FLSA provides for waiver of sovereign immunity and this Court has jurisdiction over the subject case pursuant to the FLSA and Tucker Act.

Respectfully submitted,

\_\_\_/s/_____
Jacob Y. Statman, Esq.
Jason I. Weisbrot, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jstatman@sniderlaw.com

October 2, 2013                                                                 Attorneys for Plaintiffs