# In the United States Court of Federal Claims

No. 13-211C
(Filed Under Seal: July 30, 2015)
(Reissued for Publication: August 18, 2015)[*]

|  |  |
|---|---|
| MICHAEL ALAMO, et al., ) | Fair Labor Standards Act (FLSA), 29 |
| ) | U.S.C. §§ 201-219; Federal Employee |
| Plaintiffs, ) | Pay Act (Title V), 5 U.S.C. §§ 5541-5550; |
| ) | Cross-Motions for Summary Judgment, |
| v. ) | Rule 56. |
| ) |  |
| THE UNITED STATES, ) |  |
| ) |  |
| Defendant. ) |  |

*Jacob Y. Statman*, Snider & Associates, LLC, Baltimore, M.D., for plaintiffs.

*Emma E. Bond*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., *Rebecca E. Ausprung*, Of Counsel, Chief, Civilian Personnel Branch, United States Army Litigation Division, Fort Belvoir, V.A., for defendant.

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiffs, current and former paramedics and emergency medical technicians, bring this back pay action against the United States, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (2012), and the Federal Employee Pay Act ("Title V"), 5 U.S.C. §§ 5541-5550 (2012). Specifically, plaintiffs allege that the government has improperly calculated their regularly scheduled overtime pay under the FLSA and Title V. The parties filed cross-motions

---

[*] This Memorandum Opinion and Order was originally filed under seal July 30, 2015 (docket entry 71), pursuant to the Protective Order entered in this action on April 17, 2014 (docket entry 28). The parties were given an opportunity to advise the Court of their views with respect to what information, if any, should be redacted under the terms of the Protective Order. The parties filed a joint status report on August 18, 2015 (docket entry 73) stating that they agree there is no need for redactions. Accordingly, the Court is reissuing its Memorandum Opinion and Order as originally filed.

for summary judgment on this question, pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court **DENIES** plaintiffs' motion for summary judgment and **GRANTS** defendant's motion for summary judgment.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

The material facts in this case are undisputed. Plaintiffs are 29 current or former employees of the United States Department of the Army assigned to Fort Stewart, Liberty, Georgia. Joint Stip. at 2. Plaintiffs are, or have previously been, employed as Emergency Medical Technicians ("EMT") and/or Paramedics. *Id*.

All but four plaintiffs are classified as non-exempt under the FLSA ("Non-exempt Plaintiffs"). *Id*. at 3; 29 U.S.C. § 213(a). No plaintiffs have engaged in fire suppression or law enforcement activities. Joint Stip. at 3.

At all times relevant here, plaintiffs received pay at pay grade GS-10 (or its equivalent) or below. *Id*. During the relevant time period, the Non-exempt Plaintiffs also received standby duty premium pay at a rate of 10 percent of their annual salary pursuant to 5 U.S.C. § 5545(c)(1). *Id*.; Compl. at 5.

Generally, plaintiffs work a compressed work schedule, consisting of two 24-hour shifts per week. Joint Stip. at 3. Plaintiffs' work schedules consist of hours beyond eight hours per day, or 40 hours per week. *See generally* Compl. Plaintiffs' overtime hours consist of those hours that are regularly scheduled in advance ("regularly scheduled overtime") and those hours that have not been scheduled in advance ("unscheduled overtime"). Joint Stip. at 5.

The government calculates the Non-exempt Plaintiffs' pay for regularly scheduled overtime, by adding the Non-exempt Plaintiffs' weekly basic pay[2] and weekly standby duty

---

[1] The facts in this Memorandum Opinion and Order are taken from plaintiffs' complaint ("Compl. at__") and the parties' joint stipulation of facts ("Joint Stip. at ___"). Unless otherwise noted, the facts recited herein are undisputed.

[2] Weekly basic pay is calculated by dividing the Non-exempt Plaintiffs' total annual base salary by 2087, and multiplying this result by 40. Joint Stip. at 4.

premium pay.[3]  *Id*. at 4-5.  This result, known as the total remuneration, is then divided by the total number of hours worked during the week to derive the Non-exempt Plaintiffs' hourly regular rate.  *Id*.  The government then multiplies the hourly regular rate by 0.5 ("FLSA half-time pay").  This figure is then multiplied by the total number of regularly scheduled overtime hours worked during the week to arrive at plaintiffs' regularly scheduled overtime pay.[4]  *Id*.

### B.    Procedural Background

On September 18, 2014, plaintiffs moved for summary judgment ("Pls. Mot.") upon the ground that the government has improperly calculated their overtime pay under the FLSA and Title V.  Pls. Mot. at 1.  On November 5, 2014, defendant responded to plaintiffs' motion and also moved for summary judgment ("Def. Mot.") upon the ground that the government has properly calculated plaintiffs' overtime pay under these statutes.  Def. Mot. at 3-4.  On December 22, 2014, plaintiffs filed their reply and response to defendant's cross-motion ("Pls. Rep."), in which they withdrew the claim for back pay with respect to the four plaintiffs who are exempt from coverage under the FLSA.  Pls. Rep. at 3.  And so, the remaining issue in this case is whether the government has properly calculated the overtime pay for the Non-exempt Plaintiffs.

On March 16, 2015, the Court requested supplemental briefing on this issue and the parties subsequently filed supplemental briefs on April 3, 2015, April 17, 2015 and April 24, 2015.  *See generally* Pls. Supp. Br. 1; Def. Supp. Br. 1; Pls. Supp. Br. 2; Def. Supp. Br. 2; Pls. Supp. Br. 3; Def. Supp. Br. 3.  The Court held oral argument in this case on July 16, 2015.  *See generally* Oral Argument Transcript.

---

[3]  Weekly standby duty premium pay is calculated by multiplying weekly basic pay by the standby duty premium pay percentage.  Joint Stip. at 4-5.

[4]  The calculation of regularly scheduled overtime differs from the calculation for unscheduled overtime, which is calculated at one and one-half times the Non-exempt Plaintiffs' hourly regular rate of pay for each hour of unscheduled overtime.  *Id*. at 5-6; Def. Mot. at 9.

3

### III. LEGAL STANDARDS

#### A. Jurisdiction And RCFC 56

The Tucker Act grants this Court jurisdiction over non-tort monetary claims "against the United States founded . . . upon . . . any Act of Congress . . . ." 28 U.S.C. § 1491(a)(1) (2011). The FLSA is a money-mandating statute, and so, claims may be brought pursuant to the FLSA in this Court due to the Tucker Act's waiver of sovereign immunity. *Id.*; 29 U.S.C. § 216(b); *see Abbey v. United States*, 745 F.3d 1363, 1369 (Fed. Cir. 2014); *Zumerling v. Devine*, 769 F.2d 745, 748 (Fed. Cir. 1985) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).

In addition, summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Biery v. United States*, 753 F.3d 1279, 1286 (Fed. Cir. 2014). A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. A fact is "material" if it could "affect the outcome of the suit under the governing law . . . ." *Id.*

The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly, "'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

In making a summary judgment determination, the Court does not weigh the evidence presented, but instead must "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Am. Ins. Co. v. United States*, 62 Fed. Cl. 151, 154 (2004); *Agosto v. INS*, 436 U.S. 748, 756 (1978) ("[A trial] court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented . . . ."). The Court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party . . . ." *Matsushita*, 475 U.S. at 587.

The above standard applies when the Court considers cross-motions for summary judgment. *Principal Life Ins. Co. & Subsidiaries v. United States*, 116 Fed. Cl. 82, 89 (2014); *see also Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 40 (1st Cir. 2010). And so, when both

parties move for summary judgment, "'the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" *Abbey v. United States*, 99 Fed. Cl. 430, 436 (2011) (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

**B.     The Fair Labor Standards Act, Title V And Relevant OPM Regulations**

Prior to 1974, federal employees received overtime compensation exclusively pursuant to Title V.  5 U.S.C. §§ 5541-5550; *Christofferson v. United States*, 64 Fed. Cl. 316, 319 (2005); *Aaron v. United States*, 56 Fed. Cl. 98, 100-01 (2003).  Congress enacted section 5545(c)(1) of Title V to address pay for federal employees required to regularly remain at work in a standby status for longer than ordinary periods of duty.  *See* 5 U.S.C. § 5545(c)(1).  Specifically, section 5545(c)(1) provides:

> [A]n employee in a position requiring him regularly to remain at, or within the confines of, his station during longer than ordinary periods of duty, a substantial part of which consists of remaining in a standby status rather than performing work, shall receive premium pay for this duty on an annual basis instead of premium pay provided by other provisions of this subchapter, except for irregular, unscheduled overtime duty in excess of his regularly scheduled weekly tour.

*Id*.  Under section 5545, federal employees receive standby duty premium pay as a percentage of their annual pay.  5 U.S.C. § 5545(c).  This pay is based upon the understanding that certain types of federal jobs do not fit into a typical eight hours per day, 40 hours per week work schedule and should be compensated accordingly.  *Alexander v. United States*, 28 Fed. Cl. 475, 482-83 (1993), *aff'd*, 32 F.3d 1571 (Fed. Cir. 1994).

In 1974, Congress extended the FLSA to include federal employees, unless the employee is expressly exempted from coverage under the Act.  29 U.S.C. § 213(a).  In general, the FLSA requires that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207 (a)(1); *Abbey*, 745 F.3d at 1365.

As numerous courts have noted, the extension of the FLSA to cover federal employees already covered by Title V creates some confusion.  *Abreu v. United States*, 948 F.2d 1229, 1236 (Fed. Cir. 1991) ("Titles 5 and Title 29 do not mesh with the machined precision of the gears in a

Swiss watch."). To address the discrepancies between Title V and the FLSA, Congress delegated to the Civil Service Commission (now the Office of Personnel Management "OPM") the authority to administer the FLSA for federal employees and provided the agency with broad discretion to engage in rulemaking with respect to the interplay between the FLSA and Title V. 29 U.S.C. § 204(f); *Am. Fed'n of Gov't Emps. v. OPM*, 821 F.2d 761 (D.C. Cir. 1987); *Aaron*, 56 Fed. Cl. at 100; *Christofferson*, 64 Fed. Cl. at 319-20. Consequently, OPM has the authority to promulgate overtime regulations to implement both Title V and the FLSA. *Abreu*, 948 F.2d at 1232-33. The resulting OPM regulations are entitled to deference by this Court, unless the regulations are found to be unreasonable. *Billings v. United States*, 322 F.3d 1328, 1333 (Fed. Cir. 2003) (citing *Chevron, U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 848 (1984)); *Jones v. Dep't of Transp.*, 295 F.3d 1298, 1307 (Fed. Cir. 2002) ("[A] long-standing interpretation given a statute by the agency charged with administering it should be deferred to unless it is unreasonable."); *Zumerling*, 769 F.2d at 749 (The Court must determine that "OPM's administration of the FLSA overtime provisions is both reasonable and consistent with the statute . . . .").

Particularly relevant here, OPM's regulations addressing standby duty premium pay under Title V provide that such pay is appropriate for employees who are "in a position requiring him or her regularly to remain at, or within the confines of, his or her station during longer than ordinary periods of duty, a substantial part of which consists of remaining in a standby status rather than performing work." 5 C.F.R. § 550.141.

The OPM's regulations governing overtime pay under the FLSA also provide that FLSA covered employees are entitled to "[t]he straight time rate of pay times all overtime hours worked" plus "[o]ne-half times the employee's hourly regular rate of pay times all overtime hours worked." 5 C.F.R. § 551.512(a). The regulations, furthermore, define "straight time rate of pay" as:

> [T]he employee's rate of pay for his or her position (exclusive of any premiums, differentials, or cash awards or bonuses) except for an employee who is authorized annual premium pay under § 550.141 or § 550.151 of this chapter. For an employee who is authorized annual premium pay, straight time rate of pay is equal to basic pay plus annual premium pay divided by the hours for which the basic pay plus annual premium pay are intended.

5 C.F.R. § 551.512(b).

6

IV.     **LEGAL ANALYSIS**

In their motion for summary judgment, plaintiffs challenge the calculation of the Non-exempt Plaintiffs' regularly scheduled overtime pay upon three grounds:  First, plaintiffs argue that the Non-exempt Plaintiffs are entitled to receive straight time pay−in addition to basic pay, standby duty premium pay and FLSA half-time pay−for each hour of regularly scheduled overtime.  Pl. Mot. at 14.  Second, plaintiffs contend that the government has improperly calculated the Non-exempt Plaintiffs' hourly regular rate, by excluding the additional straight time pay that they seek.  *Id*. at 21.   Finally, plaintiffs argue that the government erred by calculating the Non-exempt Plaintiffs' pay upon a weekly, rather than bi-weekly, basis.  *Id*.

The government disagrees and also moves for summary judgment upon the ground that the government has properly calculated the Non-exempt Plaintiffs' overtime pay under the FLSA, Title V and applicable OPM regulations.  *See generally* Def. Mot.  For the reasons discussed below, the undisputed material facts show that the government has properly calculated the Non-exempt Plaintiffs' pay.

A.   **The Government Properly Calculated The Non-exempt Plaintiffs' Regularly Scheduled Overtime Pay**

As an initial matter, the undisputed material facts in this case show that the government has properly compensated the Non-exempt Plaintiffs for their regularly scheduled overtime hours under the FLSA and Title V.[5]  Pursuant to the FLSA, all covered employees who work more than 40 hours per week, or eight hours per day, must be compensated for those overtime hours at a rate of one and one-half times their regular rate of pay.  29 U.S.C. § 207(a)(1).  In addition, Congress has enacted special pay provisions under Title V of the Federal Employee Pay Act to compensate federal employees who−like the Non-exempt Plaintiffs here−routinely work more than a 40-hour workweek, but spend much of that time on standby status.  5 U.S.C. § 5545(c).

---

[5] Plaintiffs rely upon *Brooks v. Weinberger* to argue that the formula for calculating overtime pay adopted by the district court in that case should apply here.  730 F. Supp. 1132, 1135 (D.D.C. 1989).  But, *Brooks* is distinguishable from this case because the plaintiffs in *Brooks* did not receive annual premium pay under 5 C.F.R. § 550.141.  *Id*. at 1133-34.  And so, a different definition of straight time pay applied in that case.  *Id*.

To harmonize these two pay provisions, OPM has promulgated pay regulations that set forth the method for calculating overtime pay under the FLSA and Title V. *Christofferson*, 64 Fed. Cl. at 319-20. Specifically, OPM's pay regulations provide that FLSA covered employees are entitled to "[t]he straight time rate of pay times all overtime hours worked" plus "[o]ne-half times the employee's hourly regular rate of pay times all overtime hours worked." 5 C.F.R. § 551.512(a). With respect to the method for calculating the "straight time rate of pay," these regulations also provide that:

> *For an employee who is authorized annual premium pay, straight time rate of pay is equal to basic pay plus annual premium pay divided by the hours for which the basic pay plus annual premium pay are intended.*

5 C.F.R. § 551.512(b) (emphasis supplied).

In this regard, the OPM's pay regulations recognize that federal employees who−like the Non-exempt Plaintiffs in this case−receive standby duty premium pay, receive this pay as compensation for their regularly scheduled overtime hours. 5 C.F.R. § 550.141 (Standby duty premium pay is intended to compensate employees who are required to regularly remain at work for longer than "ordinary periods of duty," but who spend much of this time on "standby status rather than performing work."); *see Alexander*, 28 Fed. Cl. at 482-83. The regulations also acknowledge that such employees remain entitled to additional compensation for overtime hours under the FLSA, which is provided by the payment of the FLSA half-time pay. 5 C.F.R. § 551.512(a)-(b).

In this case, there is no dispute that the government calculates the Non-exempt Plaintiffs' pay for regularly scheduled overtime by combining the straight time rate of pay (calculated by adding basic pay and standby duty premium pay) with the FLSA half-time pay. Joint Stip. at 4-5. This method of calculating regularly scheduled overtime pay is fully consistent with OPM's pay regulations. *See* 5 C.F.R. § 551.512(a)-(b). The OPM's pay regulations also appropriately recognize Congress' intent for standby duty premium pay to compensate for regularly scheduled overtime hours spent largely in standby duty status. *See* 5 U.S.C. § 5545(c)(1); 5 C.F.R. § 550.141; 5 C.F.R. § 551.501(a).[6] Perhaps for this reason, plaintiffs acknowledged during oral

---

[6] Plaintiffs incorrectly maintain that standby duty premium pay is not intended to compensate for regularly scheduled overtime, because this pay is calculated as a percentage of the Non-exempt Plaintiffs' annual salary. Pls. Supp. Br. 1 at 1-2. OPM's pay regulations make clear that standby

argument that these regulations are consistent with the FLSA and Title V. *See* Oral Arg. Trans. at 14, 25.

In sum, plaintiffs have not shown that they are entitled to any additional compensation under the FLSA, Title V or OPM's pay regulations. Nor have plaintiffs shown that the government's method of calculating their overtime pay fails to comply with these provisions. And so, the government has appropriately calculated the regularly scheduled overtime pay for the Non-exempt Plaintiffs here. Joint Stip. at 4-5.

### B. The Government Properly Calculated The Non-Exempt Plaintiffs' Hourly Regular Rate

The undisputed material facts also show that the government has appropriately calculated the Non-exempt Plaintiffs' hourly regular rate. As established above, the government has properly compensated the Non-exempt Plaintiffs for their regularly scheduled overtime hours by paying basic pay, standby duty premium pay and FLSA half-time pay. And so, it must follow that the government has also appropriately calculated the hourly regular rate in this case.

In this regard, the FLSA and OPM's pay regulations explicitly identify the types of pay that should be included in the calculation of the hourly regular rate. Specifically, the FLSA requires that the hourly regular rate include "all remuneration for employment paid to, or on behalf of, the employee," subject to certain enumerated exceptions that do not apply in this case. 29 U.S.C. § 207(e); *see also* Pls. Supp. Br. 1 at 2-3; Def. Supp. Br. 1 at 5-7. OPM's pay regulations further provide that the hourly regular rate is calculated by "dividing the total remuneration paid to an employee in the workweek by the total number of hours of work in the workweek for which such compensation was paid." 5 C.F.R. § 551.511(a).

---

duty premium pay is determined "over a period appropriate to reflect the full cycle of the employee's duties and the full range of conditions in his position." 5 C.F.R. § 550.142; *see also* 5 C.F.R. § 550.144. And so, the amount of standby duty premium pay takes into account the overall number of overtime hours anticipated during the course of the year. 5 U.S.C. § 5545(c)(1). Plaintiffs are also mistaken in arguing that 5 C.F.R. § 551.513 requires additional overtime compensation in this case. Pls. Supp. Br. 1 at 6-7. Rather, this provision only requires the payment of FLSA half-time pay, which plaintiffs acknowledge that they already receive. 5 C.F.R. § 551.513; Joint Stip. at 5.

As discussed above, there is no dispute that the government calculates the Non-exempt Plaintiffs' total remuneration by adding basic pay and standby duty premium pay. Joint Stip. at 5. The total remuneration is then divided by the total number of hours worked during the week (basic hours and regularly scheduled overtime hours) to derive the Non-exempt Plaintiffs' hourly regular rate. *Id*. at 4-5. This method for calculating the hourly regular rate is the precise methodology called for under the FLSA and OPM's pay regulations. 29 U.S.C. § 207(e) (The hourly regular rate includes "all remuneration for employment paid to, or on behalf of, the employee."); 5 C.F.R. § 551.511(a) (The hourly regular rate is calculated by "dividing the total remuneration paid to an employee in the workweek by the total number of hours of work in the workweek for which such compensation was paid."). And so, the government has correctly calculated the Non-exempt Plaintiffs' hourly regular rate in this case.

### C. The Government Properly Calculated The Non-exempt Plaintiffs' Pay On A Weekly Basis

Plaintiffs' final challenge to the calculation of the Non-exempt Plaintiffs overtime pay is also without merit. Specifically, plaintiffs incorrectly maintain that the government must calculate their regularly scheduled overtime pay upon a bi-weekly basis, rather than a weekly basis, because the Non-exempt Plaintiffs work a compressed work schedule. Pls. Mot. at 22. But, a plain reading of the relevant portions of the FLSA and OPM's pay regulations regarding the definition of "workweek" make clear that the government has appropriately calculated overtime pay upon a weekly basis.

In this regard, the FLSA provides in relevant part that, no employer shall employ any of his employees "for a *workweek longer than forty hours* unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (emphasis added). OPM's pay regulations define a "workweek" as "a fixed and recurring period of 168 hours–*seven consecutive 24-hour periods*." 5 C.F.R. § 551.104 (emphasis added). These regulations further provide that "workweek" means:

> *[T]he unit of time used as the basis for applying overtime standards under the Act and, for employees under flexible or compressed work schedules*, under 5 U.S.C. 6121(6) or (7). The Act takes a single workweek as its standard (except for employees engaged in fire protection or law enforcement activities under section

> 7(k) of the Act) and does not permit the averaging of hours over two or more weeks, except for employees engaged in fire protection or law enforcement activities under section 7(k) of the Act.

*Id.* (emphasis added).[7]

The above provisions require that the government calculate the pay for all employees who work on a compressed work schedule upon a weekly basis, unless those employees are specifically engaged in fire protection or law enforcement activities. 29 U.S.C. § 207; 5 C.F.R. § 551.104; 5 C.F.R. § 551.501. There is no dispute in this case that the Non-exempt Plaintiffs are not engaged in fire suppression or law enforcement activities under Section 7(k) of the FLSA. Joint Stip. at 3. And so, the plain language of the FLSA and the relevant OPM regulations show that the government has appropriately calculated the Non-exempt Plaintiffs' pay upon a weekly basis.

## V. CONCLUSION

In sum, plaintiffs fail to demonstrate that they are entitled to any back pay under the FLSA, Title V or the applicable OPM pay regulations. To the contrary, the undisputed material facts in this matter show that the government has properly compensated plaintiffs for their regularly scheduled overtime under these provisions. In addition, OPM's pay regulations are reasonable and consistent with the overtime pay requirements in the FLSA and Title V.

Given this, the Court gives deference to OPM's pay regulations in determining how to calculate the plaintiffs' overtime pay here. *Billings*, 322 F.3d at 1333 (citing *Chevron, U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 848 (1984)). And so, the Court finds that the government has appropriately compensated plaintiffs for regularly scheduled overtime in this matter.

For the foregoing reasons, the Court:

1. **DENIES** plaintiffs' motion for summary judgment; and

2. **GRANTS** defendant's motion for summary judgment.

---

[7] This provision is consistent with the compressed work schedule statute, which provides that "hours worked in excess of the compressed schedule shall be overtime hours and shall be paid for as provided [by the FLSA and Title V]." 5 U.S.C. § 6128(b).

11

The Clerk shall enter judgment accordingly.

The parties shall bear their own costs.

Some of the information contained in this Memorandum Opinion and Order may be considered confidential information protected from disclosure subject to the Protective Order entered in this matter on April 17, 2014.  This Memorandum Opinion and Order shall therefore be **FILED UNDER SEAL**.  The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted in accordance with the terms of the Protective Order prior to publication.  The parties shall **FILE**, by **Thursday, August 20, 2015**, a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
Judge